UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON        Civil Action No.:
subscribing to policy number SPAPL-000001-935,

                             Plaintiff,

                   - against -                                                    **COMPLAINT**

ALLIED PROFESSIONALS INSURANCE COMPANY,
A RISK RETENTION GROUP, INC.

                            Defendants.
-------------------------------------------------------------------------X

Plaintiff Certain Underwriters at Lloyds, London subscribing to policy number SPAPL-000001-935 ("Underwriters"), by their attorneys, Chartwell Law, as and for its complaint against defendant Allied Professionals Insurance Company, a Risk Retention Group, Inc ("Allied"), respectfully alleges the following:

## NATURE OF THE ACTION

1. Underwriters seek a judgment: (i) declaring that Allied breached its obligation to defend and indemnify Underwriters and Allied's mutual insured, Vitality Group of WNY, LLC ("Vitality"), in the underlying personal injury action commenced by Eileen Chiodo; and (ii) requiring Allied to reimburse Underwriters for the defense costs and indemnity payments made on Vitality's behalf.

## THE PARTIES

2. At all times hereinafter mentioned, Underwriters were and are a voluntary association of insurance underwriters, each with liability for its own proportionate share of the risk underwritten by them, and not jointly or for one another.

3. Underwriters are the underwriters and issuers of a professional liability policy designated as policy number SPAPL-000001-935 issued to Vitality, which was effective from January 30, 2015 to January 30, 2016 (the "Underwriters Policy").

4. Upon information and belief, at all times hereinafter mentioned, Allied is an insurance company organized under the laws of the State of Arizona, with its principal place of business located in California.

5. Upon information and belief, at all times hereinafter mentioned, Allied conducts business within the State of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

7. Venue is appropriate in the United States District Court for the Western District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

8. Chiodo commenced an action against Vitality by filing a summons and complaint in the Supreme Court of the State of New York, County of Erie, on or about May 17, 2016 (the "Underlying Action").

9. On June 26, 2017, Chiodo filed an amended complaint that named Katia Goranova as a defendant in the Underlying Action.

10. The amended complaint alleged that the that Vitality operates a Massage Envy franchise located at 3670 McKinley Parkway, Hamburg, New York (the "Facility").

11. The amended complaint alleged that on December 11, 2014, Goranova, a Vitality employee negligently, unskillfully and carelessly performed a massage treatment on Chiodo at the Facility.

12. The amended complaint alleged that as a result of the negligently, unskillfully and carelessly performed by Goranova, Chiodo sustained serious and permanent injuries. The complaint also asserts a cause of action on behalf of Chiodo's husband, John Reekie, for loss of consortium.

13. Underwriters provided Vitality with a defense in the Underlying Action.

14. The Underlying Action was resolved by a settlement (the "Settlement").

15. The amount of the Settlement was reasonable in light of Vitality's potential liability for Goranova's actions and the seriousness of the injuries allegedly sustained by Chiodo.

16. Under the terms of the settlement agreement, the entirety of the Settlement was paid by Underwriters on behalf of Vitality.

## AS AND FOR A FIRST CLAIM FOR RELIEF

17. Underwriters repeat and reiterate the allegations contained in paragraphs "1" through "16" as if more fully set forth herein.

18. Upon information and belief, Allied issued and delivered a Massage Professional and General Liability Insurance Policy to Goranova, bearing policy number API-ABMP-14, which was effective from October 21, 2014 to October 21, 2015 (the "Allied Policy"). The Allied Policy provides coverage for liability arising out of professional services during the policy period.

19. The Allied Policy's Declarations Page lists "Massage Envy-Hamburg/Orchard Park" as an additional insured with coverage incepting on October 21, 2014.

20. Upon information and belief, the Allied Policy was in full force and effect for the benefit of Goranova on the date of the alleged accident that forms the basis of the Underlying Action.

21. Vitality qualifies as an insured or additional insured under the Allied Policy.

22. Underwriters and Vitality timely tendered Vitality's defense and indemnity of the Underlying Action to Allied and demanded that Allied assume its responsibilities and obligations to Vitality, but Allied failed and refused to perform its obligations under the Allied Policy.

23. Allied wrongfully refused to defend Allied in the Underlying Action.

24. Allied wrongfully refused to indemnify Allied for its liability in the Underlying Action..

25. Allied has failed to properly provide sufficient grounds or any grounds as to why it did not defend and indemnify Vitality.

26. Underwriters hereby seek a declaration that Allied had a duty to defend and indemnify Vitality in the Underlying Action on a primary and noncontributory basis.

27. Underwriters have no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

28. Underwriters repeat and reiterate the allegations contained in paragraphs "1" through "27" as if more fully set forth herein.

29. As a result of Allied's failure to acknowledge that it owes a primary duty to defend Vitality, Underwriters were required to pay for Vitality's defense in the Underlying Action.

30. As a result of Allied's failure to acknowledge its primary duty to indemnify the Vitality, Underwriters were forced to fully indemnify Vitality for the Settlement of the Underlying Action.

31. As a result of the foregoing, Underwriters are entitled to a money judgment against Allied in an amount equal to what it has incurred to defend and indemnify Vitality, an amount which exceeds $75,000.

**WHEREFORE**, Underwriters demand judgment as follows:

    a. On the first claim for relief, a judgment declaring that Allied breached its primary and non-contributory duty to defend and indemnify Vitality under the Allied Policy;

    b. On the second claim for relief, a money judgment against Allied for the costs incurred by Underwriters to defend and indemnify Vitality in the Underlying Action, plus interest from the date that Underwriters paid such costs and indemnity; and

    c. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 6, 2022

                                 **CHARTWELL LAW**

                                 By: *Matthew Burrows*
                                    Matthew Burrows, Esq.
                                    Attorneys for Plaintiff
                                    One Battery Park Plaza, 35th Floor
                                    New York, New York 10004
                                    (212) 968-2300